**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JHATEEN B. BHATT, AKA Jateen Bipin Bhatt,<br><br>            Petitioner,<br><br>  v.<br><br>ERIC HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 12-71667<br><br>Agency No. A099-568-616<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 8, 2014
San Francisco, California

Before: SCHROEDER, LIPEZ[**], and CALLAHAN, Circuit Judges.

Jhateen Bhatt, a native and citizen of Tanzania, challenges the decision of

the Board of Immigration Appeals ("BIA"). The BIA found him removable based

on convictions for grand theft and forgery, and statutorily ineligible for a waiver of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kermit V. Lipez, of the United States Court of Appeals for the First Circuit, sitting by designation.

inadmissibility under Section 212(h) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(h).

The BIA did not err in finding that Bhatt's conviction for forgery under California Penal Code § 470(b) was an aggravated felony because it was an offense involving "fraud or deceit in which the loss to the victim . . . exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). The jury's findings included a finding that the forgery caused a loss greater than $200,000. Under the circumstances of this case, that jury finding satisfies the government's burden to prove the circumstances of the crime by clear and convincing evidence. *See Nijhawan v. Holder*, 557 U.S. 29, 41-43 (2009).

Because we agree that the forgery conviction is an aggravated felony, we do not decide whether Bhatt's grand theft conviction under California Penal Code § 487(a), premised on a theory of theft by false pretenses, is a "theft offense" aggravated felony, 8 U.S.C. § 1101(a)(43)(G), under the modified categorical approach of *Descamps v. United States*, 133 S. Ct. 2276 (2013). Also, we note that the government did not argue the grand theft issue in its briefing.

The BIA held that Bhatt was ineligible for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h), because his adjustment of status after entering the country was an "admission" as contemplated by the § 212(h) statutory

2

bar. After the BIA's decision, this court held in *Negrete-Ramirez v. Holder* that such an adjustment of status is not an "admission" under § 212(h). 741 F.3d 1047 (9th Cir. 2014). Because the BIA did not consider Bhatt to be statutorily eligible for a waiver of inadmissibility, it did not decide whether he merited further relief. We thus must remand for consideration of possible relief given that the § 212(h) bar does not apply.

The petition is therefore **DENIED** with respect to the forgery conviction, and **GRANTED** with respect to statutory eligibility for a waiver of inadmissibility under INA § 212(h). We **REMAND** for further proceedings consistent with this opinion. Each side to bear its own costs.